**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| RUBEN SANTOYO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-1317 (UNA) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on consideration of Ruben Santoyo's application to proceed *in forma pauperis* (ECF No. 2) and his *pro se* complaint (ECF No. 1). The Court grants the application and, for the reasons discussed below, dismisses the complaint and this civil action.

Plaintiff describes himself as "the founder and principal architect of Sail Phones Collective™, a multi-tiered investigative and media-focused enterprise dedicated to exposing systemic misconduct and advancing digital sovereignty." Compl. at 2-3. He alleges that his "journalistic efforts have been met with disproportionate responses, targeted interference, and surveillance behavior indicating institutional discomfort with his presence and pursuits." *Id*. at 3. In vague and conclusory terms, Plaintiff alleges that the United States has subjected him "to unwarranted surveillance, including vehicle tailing, physical proximity targeting, and plainclothes placement of individuals near his residence," Compl. at 4, have engaged in activities constituting "a pattern of psychological disruption and behavioral manipulation," *id*. According to Plaintiff, these and other actions "frequently correlate with periods of active litigation," *id*. at 5, in federal courts. He faults the federal courts for subjecting his "lawsuits and FOIA requests

1

[to] unlawful denials, delays, and dismissals." *Id*. By way of example, Plaintiff refers to litigation in and sanctions imposed by the United States District Court for the Northern District of Illinois, *see id*. at 10-13, and alleges that the court's conduct was "designed to chill Plaintiff's journalistic and legal expression," *id*. at 5.[1] For alleged violations of rights protected under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, Plaintiff requests a declaratory judgment, injunctive relief, and compensatory and punitive damages. *See id*. at 5-7.

Plaintiff's reliance on 42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), is misplaced. In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). But a *Bivens* claim cannot be brought against the United States, federal government agencies, or federal employees in their official capacities, *see, e.g., Witchard v. Surampudi*, No. 24-cv-0296 (DLF), 2025 WL 928708, at *3 (D.D.C. Mar. 27, 2025) (dismissing *Bivens* claims against United States, three federal agencies, a Justice Department attorney, and a federal judge), and there are no factual allegations identifying a particular federal official or employee personally involved in the purported violation of Plaintiff's rights, *see, e.g., Ransom v. Dorko*, No. 23-cv-2601 (RC), 2025 WL 870320, at *5 (D.D.C. Mar. 20, 2025) (dismissing claims against Secretary of Homeland Security and supervisors based on alleged wrongdoing of subordinates); *see also Simpkins v. District of Columbia*, 108 F.3d 366, 369 (D.C. Cir. 1997)

---

[1] *See* Order, *Santoyo v. City of Chicago*, No. 1:22-cv-3559 (N.D. Ill. Apr. 2, 2025) (ECF No. 186) (imposing $1500 sanction); *see also* Executive Committee Order, *In re Santoyo*, No. 1:25-cv-4558 (N.D. Ill. Apr. 30, 2025) (barring Plaintiff from filing any new civil cases until he pays $900 in unpaid filing fees and the $1500 sanction imposed in No. 1:22-cv-3559).

("The complaint must at least allege that the defendant federal official was personally involved in the illegal conduct.").

Plaintiff is no more successful under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 2671–80, which operates as a limited waiver of sovereign immunity rendering the United States amenable to suit for certain, but not all, tort claims, *see, e.g.*, *Richards v. United States*, 369 U.S. 1, 6 (1962). "In order to bring suit under the FTCA, . . . a claimant must first satisfy the FTCA's exhaustion requirement under 28 U.S.C. § 2675(a)," *Norton v. United States*, 530 F. Supp. 3d 1, 5 (D.D.C. 2021), and Plaintiff does not allege he "presented [his] claim to the appropriate Federal agency," 28 U.S.C. § 2675(a), prior to filing this lawsuit. Even if Plaintiff had presented his claim, the United States "has not rendered itself liable under the FTCA for constitutional tort claims." *Johnson v. Fenty*, No. 10-5105, 2010 WL 4340344, at *1 (D.C. Cir. Oct. 1, 2010) (per curiam) (quoting *FDIC v. Meyer*, 510 U.S. 471, 478 (1994)).

Plaintiff's civil RICO claim also fails. Generally, RICO, *see* 18 U.S.C. § 1961 *et seq.*, requires that a plaintiff establish "(1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity," *Salinas v. United States*, 522 U.S. 52, 62 (1997). The complaint's unsupported assertion that "Defendant and its subsidiaries engaged in a pattern of racketeering acts including suppression of information, interference, and obstruction of justice," Compl. at 6, falls far short of "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court will, accordingly, dismiss Plaintiff's Section 1983, *Bivens*, FTCA and RICO claims. Without a federal claim remaining, the Court declines to exercise jurisdiction over

3

Plaintiff's claim for intentional infliction of emotional distress.  *See* 28 U.S.C. § 1367(c).

    A separate order will issue.

DATE: May 7, 2025                                           RANDOLPH D. MOSS
                                                                            United States District Judge